## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

—————————————————————— x

JULIET KAGNO, on behalf of herself and
others similarly situated,

                Plaintiff,

     v.

BUSH ROSS, P.A.,

                Defendant.

—————————————————————— x

Civil Action No.:

**COMPLAINT - - CLASS ACTION**

**JURY TRIAL DEMANDED**

8:17 cv 1468T 26 AEP

## NATURE OF ACTION

1.       This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Florida consumers who have been the subject of debt collection efforts by Bush Ross, P.A. ("Defendant").

2.       Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.       As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer

1

complaints about debt collection practices than about any other issue."[1] And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

4.    To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

5.    A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

6.    Pertinent here, the validation notice must advise the consumer that she must dispute the debt, *in writing*, if she wants the debt collector to "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer. *Id.*, § 1692g(a)(4).

7.    The notice also must advise the consumer of her rights to request, in writing, that the debt collector "provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.*, § 1692g(a)(5).

---

[1]    *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]    *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

8.      Further, if the consumer exercises her rights under 15 U.S.C. §§ 1692g(a)(4)-(5) to dispute the debt or request verification of the original creditor, in writing, within 30 days of receiving notice, the debt collector must then "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mail the consumer a copy of that verification. *Id.*, § 1692g(b).

9.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

10.     This case centers on Defendant's failure to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Florida consumers, or within five days thereafter—despite settling a previous FDCPA class action in this district that centered, in part, on Defendant's improper form initial debt collection letters. *See Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721 (M.D. Fla. Jan. 28, 2016) (Whittemore, J.) (finally approving class settlement).

## PARTIES

11.     Juliet Kagno ("Plaintiff") is a natural person who at all relevant times resided in Hillsborough County, Florida.

12.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

3

## JURISDICTION AND VENUE

20.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant is headquartered and transacts business in this district.

## FACTUAL ALLEGATIONS

22.    On or about June 23, 2016, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt allegedly owed by her.

23.    A true and correct copy of the June 23, 2016 communication to Plaintiff is attached as Exhibit A.

24.    The June 23, 2016 communication was the first communication Plaintiff received from Defendant.

25.    Plaintiff did not receive any additional communications from Defendant within five days of the June 23, 2016 communication.

26.    The June 23, 2016 communication to Plaintiff stated that Defendant "represent[ed] Sheldon West Condominium Association, Inc.," and that the "letter serve[d] as the Association's notice that it may record a Claim of Lien against [Plaintiff's] property no sooner than 30 days after the date of th[e] letter, unless" Plaintiff resolved the balance alleged owed on her account with the Association. *See* Ex. A.

27.     The alleged Debt totaled $323.82, which included a quarterly assessment

balance of $100, interest of $3.00 (18% per annum), collection costs of $5.82, and related

attorneys' fees of $215. *See* Ex. A.

28.     The June 23, 2016 communication went on to state:

> Please make any payments payable to the BUSH ROSS. P.A. TRUST
> ACCOUNT, and mail your check to the mailing address on the first page
> of this letter. Unless the entire sum is paid within thirty (30) days of the
> date of this letter, we may proceed with action to protect the Association's
> interests, including, but not limited to the recording of a claim of lien,
> which can result in additional attorney's fees, costs and interest.

Ex. A.

29.     Defendant's June 23, 2016 communication added: "NOTICE: The

attorney named below is attempting to collect a debt owed to SHELDON WEST

CONDOMINIUM ASSOCIATION, INC. and any information obtained will be used for

that purpose." Ex. A.

30.     Finally, Defendant's June 23, 2016 communication closed with the

following:

> Unless you, within thirty (30) days after receipt of this letter, dispute the
> validity of the aforesaid debt (or any portion thereof) owing to SHELDON
> WEST CONDOMINIUM ASSOCIATION, INC., the attorney named
> below shall assume that the debt is valid. If you notify the attorney named
> below within the said 30-day period that the aforesaid debt, or any portion
> thereof, is disputed, the attorney named below shall obtain written
> verification of said debt from SHELDON WEST CONDOMINIUM
> ASSOCIATION, INC., and mail same to you.
>
> Please govern yourself accordingly.

Ex A.

31.    Defendant's June 23, 2016 communication violated the FDCPA at 15 U.S.C. § 1692g for three independent reasons by virtue of its failure to provide Plaintiff adequate disclosures mandated by law.

32.    First, the June 23, 2016 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need mail verification of the debt, or a copy of the judgment, if any, to her only if she notified Defendant *in writing* that she disputed the debt.

33.    That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing. By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

34.    And this misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that orally disputing a debt would trigger Defendant's obligation to obtain and send verification of the debt. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

35.    Moreover, failing to dispute the debt in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

36.    As one district court explained:

An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the

7

> consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.,* 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id.* at 1082.

*Osborn v. Ekpsz, LLC,* 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011).

37.     More recently, the Eleventh Circuit specifically "reject[ed] the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.,* 817 F.3d 1268, 1274 (11th Cir. 2016) (citing 15 U.S.C. § 1692g(a)).

38.     Second, the June 23, 2016 communication also violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant must provide her the name and address of the original creditor, if different from the current creditor, if she notified Defendant of such request in writing.

39.     This statutorily-mandated disclosure must be included in all initial debt collection communications to consumers, yet Defendant failed to provide any such disclosure in its June 23, 2016 communication to Plaintiff. *See* Ex. A.

40.     Third, Defendant's June 23, 2016 communication overshadowed the notice of validation rights mandated by 15 U.S.C. § 1692g(b) by informing Plaintiff that,

unless she paid the alleged Debt in full, it may file a claim of lien on her property "no sooner than 30 days after the date of th[e] letter"—meaning, within 30 days after June 23, 2016.

41.     By so stating that the only way to avoid a lien on her property was to make full payment within 30 days—of the date of the letter, *not* receipt of the letter— Defendant encouraged Plaintiff to not take advantage of her validation rights and forego important protections afforded by the FDCPA, all to Defendant's benefit and Plaintiff's detriment.

42.     But even had Defendant allowed Plaintiff the full 30 days after *receipt* of its letter, this still violates the FDCPA:

> Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt.

*Chauncey v. JDR Recovery Corp.*, 118. 3d 516, 519 (7th Cir. 1997); *see also Swift v. Maximus, Inc.*, No. 04-216, 2004 WL 1576618, at *3-4 (E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline.").

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

All persons (a) with a Florida address, (b) to whom Bush Ross, P.A., (c) within one year before the date of this complaint and through the date of class certification, (d) in connection with the collection of a consumer debt, (e) mailed an initial debt collection communication not returned to Bush Ross, P.A. as undeliverable that: (1) stated "[u]nless the entire sum is paid within thirty (30) days of the date of this letter, we may proceed with action to protect the Association's interests, including, but not limited to the recording of a claim of lien, which can result in additional attorney's fees, costs and interest," and/or (2) stated "[i]f you notify the attorney named below within the said 30-day period that the aforesaid debt, or any portion thereof, is disputed, the attorney named below shall obtain written verification of said debt . . . and mail same to you," and/or (3) failed to provide a statement that, upon the consumer's written request within the 30-day period after receipt of the communication, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644 (M.D. Fla. 2015) (Whittemore, J.) (certifying three classes of consumers from whom Defendant attempted to collect alleged debts owed to a condominium association, but against whom Defendant allegedly utilized misleading and deceptive collections practices and failed to provide adequate disclosures under 15 U.S.C. § 1692g).

44.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

45.    The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

46.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

47.    The proposed class is ascertainable because it is defined by reference to objective criteria. In addition, and upon information and belief, the names and addresses

of all members of the proposed class can be identified in business records maintained by Defendant.

48.     The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

49.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

50.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

51.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

52.     There will be no difficulty in the management of this action as a class action.

53.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted

on grounds generally applicable to the class. Among the issues of law and fact common

to the class are:

    a.  Defendant's violations of the FDCPA as alleged herein:

    b.  Defendant's failure to properly provide in its initial debt collection letters

       the disclosures required by 15 U.S.C. § 1692g;

    c.  Whether Defendant is a debt collector as defined by the FDCPA:

    d.  the existence of Defendant's identical conduct particular to the matters at

       issue;

    e.  the availability of statutory penalties; and

    f.  the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(4)

54.    Plaintiff repeats and re-alleges each and every factual allegation contained

in paragraphs 1 through 53.

55.    The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

*****

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

*****

(emphasis added).

56.    The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

57.    Defendant's June 23, 2016 communication was its initial communication to Plaintiff.

58.    The June 23, 2016 communication was in connection with an attempt to collect the Debt from Plaintiff.

59.    At the time Defendant acquired the Debt for collection, it was considered to be in default.

60.    The June 23, 2016 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g, nor did Defendant provide such disclosures within five days thereafter.

61.    Specifically, the June 23, 2016 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of

13

the debt to her, and a copy of any judgment, if she notified Defendant *in writing* that she disputed the debt.

62.    As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

63.    Moreover, the harm suffered by Plaintiff is particularized in that the violative conduct was directed at her personally, regarded her personal alleged Debt, and violated her rights under the FDCPA. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5)

64.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 53.

65.    The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

*****

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

66.    The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of

the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

67.     Defendant's June 23, 2016 communication was its initial communication to Plaintiff.

68.     The June 23, 2016 communication was in connection with an attempt to collect the Debt from Plaintiff.

69.     At the time Defendant acquired the Debt for collection, it was considered to be in default.

70.     The June 23, 2016 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g, nor did Defendant provide such disclosures within five days thereafter.

71.     Specifically, the June 23, 2016 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that it must provide her the name and address of the original creditor, if different from the current creditor, if she notified Defendant of such request in writing.

72.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

15

73.     Moreover, the harm suffered by Plaintiff is particularized in that the violative conduct was directed at her personally, regarded her personal alleged Debt, and violated her rights under the FDCPA. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

74.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 53.

75.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

76.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g in its June 23, 2016 communication was ineffective and overshadowed and contradicted the statutory notice.

77.    Specifically, the June 23, 2016 communication stated: "Unless the entire sum is paid within thirty (30) days of the date of this letter, we may proceed with action to protect the Association's interests, including, but not limited to the recording of a claim of lien, which can result in additional attorney's fees, costs and interest." Ex. A.

78.    This statement conveyed to the least-sophisticated consumer that the only way to avoid a lien on her property, or potentially some other action—legal or otherwise—by Defendant, was to make payment in full within 30 days *of the date of the letter*, when, in reality, the consumer could dispute all or a portion of the debt during the 30-day validation window triggered upon *receipt of the letter*.

79.    The effect of the June 23, 2016 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

80.    The language that Defendant included in its June 23, 2016 communication to Plaintiff contradicts statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

81.    In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

82.    Defendant designed its June 23, 2016 letter to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard her statutory rights under the FDCPA.

83.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged

debt, and overshadowed her rights regarding how to dispute the validity of her personal debt.

84.    Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

85.    Defendant, therefore, violated 15 U.S.C. § 1692g(b) by contradicting—whether actually or apparently—disclosures required by 15 U.S.C. § 1692g(a), and by overshadowing disclosures required by 15 U.S.C. § 1692g(a).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.    Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), and 1692g(b);

c.    Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d.    Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e.     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f.     Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.     Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 16, 2017

Respectfully submitted,

/s/ Jesse S. Johnson

Michael L. Greenwald
FL Bar No. 0761761
Jesse S. Johnson (Trial Counsel)
FL Bar No. 0069154
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*