UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------x
JULIET KAGNO, on behalf of herself and : Case No.: 8:17-cv-1468-T-26AEP
others similarly situated, :
:
　　　　　　Plaintiff, :
:
v. :
:
BUSH ROSS, P.A., :
:
　　　　　　Defendant. :
---------------------------------------------x

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

WHEREAS, this Court has been advised that the parties to this action, Juliet Kagno ("Plaintiff" or "Class Representative"), and Bush Ross, P.A. ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **April 6, 2018, at 9:30 a.m. (1 1/2 hours reserved)**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final

Approval Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the Attorney General of the state of Florida.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with a Florida address, (b) to whom Bush Ross, P.A., (c) from June 16, 2016 through November 20, 2017, (d) in connection with an attempt to collect an alleged debt incurred for personal, family, or household purposes, (e) mailed an initial debt collection communication not returned to Bush Ross, P.A. as undeliverable that: (1) stated "[u]nless the entire sum is paid within thirty (30) days of the date of this letter, we may proceed with action to protect the Association's interests, including, but not limited to the recording of a claim of lien, which can result in additional attorney's fees, costs and interest," and/or (2) stated "[i]f you notify the attorney named below within the said 30-day period that the aforesaid debt, or any portion thereof, is disputed, the attorney named below shall obtain written verification of said debt . . . and mail same to you," and/or (3) failed to provide a statement that, upon the consumer's written request within the 30-day period after receipt of the communication, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Defendant represents that there are a maximum of 1,605 Class Members, including the Class Representative.

Pursuant to Rule 23, the Court appoints Juliet Kagno as the Class Representative. The Court also appoints Michael L. Greenwald and Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g., James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL

6908118 (M.D. Fla. Nov. 22, 2016) (Merryday, J.) (preliminarily approving class settlement and appointing Greenwald Davidson Radbil PLLC class counsel); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, 2016 WL 3545935 (S.D. Fla. June 22, 2016) (finally approving class settlement and confirming appointment of Greenwald Davidson Radbil PLLC as class counsel).

This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the benefits obtained for the Class Members; (2) the complexity, expense, and probable duration of further litigation; (3) the risk and delay inherent in trial and possible appeals thereafter; and (4) the opinion of competent counsel supporting the settlement, who are experienced in consumer protection class action litigation such as this.

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the

approved class action notice and settlement checks to the Class Members. All costs of administration will be paid by Defendant separate and apart from the settlement funds to Class Members. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: First Class, Inc.

This Court approves the form and substance of the Notice of Class Action Settlement and proposed claim form, attached to the Settlement Agreement as Exhibits B and C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than twenty-one (21) days after the Court's entry of this order, *i.e.*, **no later than December 27, 2017**.

The class administrator will confirm and, if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than seventy-five (75) days after the Court's entry of this order, *i.e.*, **no later than February 19, 2018**. To be effective,

4

the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within seventy-five (75) days after the Court's entry of this order, *i.e.*, **no later than February 19, 2018**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, Florida 33431; and Counsel for Defendant, Brett J. Preston, Hill, Ward & Henderson, P.A., 101 East Kennedy Blvd., Suite 3700, P.O. Box 2231, Tampa, Florida 33601.

To be effective, a notice of intent to object to the settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(e) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida; and

(f) Contain a statement of the specific basis for each objection.

Any Class Member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Upon final approval by the Court, the class administrator will mail a settlement check to each Class Member who elects to participate in the settlement. Each participating Class Member will receive a pro-rata portion of the $35,000.00 Settlement Fund. Additionally, Defendant will separately pay to the Class Representative the sum of $1,000.00 as statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B)(i).

This Court will conduct a fairness hearing on **April 6, 2018, at 9:30 a.m. (1 1/2 hours reserved)**, at the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether a Final Approval Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, and petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than twenty-eight (28) days prior to the final fairness hearing, *i.e.*, **no later than March 9, 2018**. Opposition briefs to any of the foregoing must be filed no later than fourteen (14) days prior to the final fairness hearing, *i.e.*, **no later than March 23, 2018**.

The Settlement Agreement and this Order will be null and void if any of the following occur:

    A.    The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B.    The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

    C.    The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| 12/4/17 | Preliminary Approval Order Entered |
| 12/27/17 | Notice Sent (twenty-one (21) days after entry of Preliminary Approval Order) |
| 2/19/18 | Deadline to Submit Claim, Send Exclusion or File Objection (seventy-five (75) days after entry of Preliminary Approval Order) |
| 3/9/18 | Filing of Motion for Final Approval, Responses to Any Objections, and Attorneys' Fees Petition (twenty-eight (28) days prior to final fairness hearing) |
| 3/23/18 | Filing of Opposition to Attorneys' Fees Petition (fourteen (14) days prior to final fairness hearing) |
| 4/6/18 | Final Fairness Hearing Held |

**DONE and ORDERED** at Tampa, Florida, on December 4, 2017.

_____
RICHARD A. LAZZARA
United States District Judge