UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

———————————————————x
JULIET KAGNO, on behalf of herself and : Case No.: 8:17-cv-1468-T-26AEP
others similarly situated, :
 :
                Plaintiff, :
 :
v. :
 :
BUSH ROSS, P.A., :
 :
                Defendant. :
———————————————————x

### ORDER AND FINAL JUDGMENT APPROVING CLASS SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES

On December 1, 2017, Juliet Kagno ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On December 4, 2017, Bush Ross, P.A. ("Defendant") served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorney General of the state of Florida.

On December 4, 2017, this Court preliminarily approved the parties' proposed settlement.

On December 22, 2017, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On March 9, 2018, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On April 6, 2018, this Court held a fairness hearing regarding Plaintiff's and Defendant's proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court confirms that it has jurisdiction over this matter and the parties to it.

This Court also confirms its certification for settlement purposes of the following class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (a) with a Florida address, (b) to whom Bush Ross, P.A., (c) from June 16, 2016 through November 20, 2017, (d) in connection with an attempt to collect an alleged debt incurred for personal, family, or household purposes, (e) mailed an initial debt collection communication not returned to Bush Ross, P.A. as undeliverable that: (1) stated "[u]nless the entire sum is paid within thirty (30) days of the date of this letter, we may proceed with action to protect the Association's interests, including, but not limited to the recording of a claim of lien, which can result in additional attorney's fees, costs and interest," and/or (2) stated "[i]f you notify the attorney named below within the said 30-day period that the aforesaid debt, or any portion thereof, is disputed, the attorney named below shall obtain written verification of said debt . . . and mail same to you," and/or (3) failed to provide a statement that, upon the consumer's written request within the 30-day period after receipt of the communication, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

This Court affirms its previous finding that the class satisfied the applicable prerequisites for class action treatment under Rule 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644 (M.D. Fla. 2015) (Whittemore, J.) (certifying FDCPA classes and appointing Greenwald Davidson Radbil PLLC class counsel).

This Court also affirms its previous appointment of Juliet Kagno as class representative for the class, and the following attorneys and law firm as class counsel for class members:

> Michael L. Greenwald
> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a settlement fund in the amount of $35,000, which will be distributed on a pro-rata basis to each class member who submitted a valid claim form;

2. Defendant will pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i); and

3. Defendant will pay the costs of notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or class counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members. *See Leverso v. SouthTrust Bank of Ala., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994) (discussing factors to be assessed in determining whether a settlement is fundamentally fair, adequate, and reasonable).

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class members objected to the settlement. The one class member who made a valid and timely request for exclusion is excluded from the class and settlement and is not bound by this order. That person is Jennifer Burke.

This order is binding on all class members, except Jennifer Burke, who validly and timely excluded herself from the settlement.

This Court approves the releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $55,000 for class counsel's costs, expenses, and attorneys' fees.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

4

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

DONE and ORDERED at Tampa, Florida, on: 4/6/18

---
RICHARD A. LAZZARA
United States District Judge